1 | Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
2 | Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*
3 | NEWMAN DU WORS LLP
4 | 100 Wilshire Boulevard, Suite 940
Santa Monica, CA  90401
5 | Telephone:   (310) 359-8200
Facsimile:   (310) 359-8190

7 | Attorneys for Plaintiff
LIVED IN IMAGES, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| LIVED IN IMAGES, INC., a California corporation, | No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| POPSUGAR INC. a Delaware corporation, and DOES 1-5, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

LIVED IN IMAGES, INC. ("Lived In Images" or "Plaintiff") hereby alleges for its complaint against POPSUGAR INC. ("PopSugar") and DOES 1 -5 upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.   JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has personal jurisdiction over PopSugar because it principal place of business is in San Francisco, California.

3. Venue is appropriate under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## II.   PARTIES

4. Plaintiff is a California corporation with its principal business address at 1401 North El Camino Real, Suite 203, San Clemente, California 92672.

5. PopSugar is a Delaware corporation with its principal business address at 111 Sutter Street, 14th Floor, San Francisco, California 94104.

6. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

## III.   FACTS

**A.   Lived In Images created copyrightable photographs and registered them with the U.S. Copyright Office.**

7. Lived In Images is a leading stock photo archive specializing in home, garden, and interior design pictures.

8. With one of the largest home design databases, Lived In Images offers both royalty free and rights managed licensing for use of its photographs. The photographs are licensed commercially and editorially, and either individually or as a group with accompanying text.

9. Lived In Images registered a group of 5,500 architectural photographs with the U.S. Copyright Office and was issued Copyright Registration No. VA 1-431-181 (November 13, 2009) (hereafter "Group Registration"). A copy of the registration is provided as Exhibit A.

**B.   PopSugar published and displayed a copy of Lived In Images' copyrighted photographs without license or permission.**

10. PopSugar is an online network of websites that offers content about entertainment, fashion, beauty, fitness, shopping, and home décor.

11. For its home décor content, PopSugar maintains a website located at <www.casasugar.com> (hereafter, "PopSugar's website").

12. On or around October 2014, Lived In Images discovered that PopSugar was displaying a copy of one of its copyrighted images without license or permission on its website. Attached as Exhibit B is a screenshot of PopSugar's infringing use.

13. Shortly thereafter, Lived In Images sent PopSugar a notice by email informing it of the infringing use. PopSugar failed to respond.

14. To date, the infringing image is still displayed on PopSugar's website.

## IV.   CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

15. Lived In Images hereby incorporates Paragraphs 1-14 by reference.

16. Lived In Images is, and at all relevant times has been, the owner of the

copyright of the Group Registration, composed of approximately 5,500 architectural photographs.

17. Each photograph in the Group Registration is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

18. Lived In Images has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

19. Lived In Images registered the copyright in each photograph in the Group Registration with the United States Copyright Office before PopSugar began infringement.

20. Lived In Images has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the copyrighted photographs, (2) prepare derivative works based of the copyrighted photographs, (3) distribute copies of the copyrighted photographs, and (4) display the copyrighted photographs publicly.

21. Without the permission or consent of Lived In Images, a photograph from the Group Registration was reproduced, derivative works were made from, copies were distributed of, and the photograph was displayed on PopSugar's website.

22. Lived In Images' exclusive rights in the photographs in the Group Registration were violated.

23. PopSugar induced, caused, or materially contributed to the infringement.

24. PopSugar had actual knowledge of its infringement.

25. PopSugar acted willfully.

## V.   RELIEF REQUESTED

WHEREFORE, Lived In Images asks this Court to enter judgment against PopSugar and its subsidiaries, affiliates, agents, employees, Does 1 - 5, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Group Registration, Registration No. VA 1-431-181 (November 13, 2009) by PopSugar under 17 U.S.C. § 502;

    2.    An order requiring the destruction of all copies made by or under the control of PopSugar of the photographs in the Group Registration and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

    3.    An award of the actual damages suffered by Lived In Images as the result of PopSugar's infringement plus the profits of PopSugar attributable to the infringement under 17 U.S.C. § 504(b);

    4.    Alternatively, if Lived In Images so elects, an award of statutory damages for each infringement of the Group Registration under 17 U.S.C. § 504;

    5.    A judgment that PopSugar's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

    6.    An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

    7.    For such other and further relief as may be just and proper under the circumstances.

Dated April 8, 2015.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *[signature: Sophy Tabandeh]*
Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*

Attorneys for Plaintiff
Lived In Images, Inc.

# JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Lived In Images, Inc. demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated April 8, 2015.

Respectfully Submitted,

NEWMAN DU WORS LLP

By: *[signature: Sophy Tabandeh]*

Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*

Attorneys for Plaintiff
Lived In Images, Inc.